NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABHI BARTHAKUR,<br><br>            Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>            Defendant. | Civil Action No. 15-8079 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") motion to dismiss pro se Plaintiff Abhi Barthakur's ("Plaintiff") Complaint. (ECF No. 6.) Plaintiff filed a "COUNTER MOTION to SEEK AN ORDER OF DISMISAL [sic] AND DENIAL OF DEFENDANT'S MOTIONS FOR DISMISSAL OF PLAINTIFF'S ORIGINAL AFFIDAVIT" (ECF No. 8), and Defendant filed a reply in further support of its motion to dismiss (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is granted.

**I.**    **Background**

This matter arises from Defendant's state foreclosure action ("Foreclosure Action") on Plaintiff's property. (Def.'s Moving Br. 1, ECF No. 6-1.) While the Foreclosure Action was pending in state court, Plaintiff, acting pro se, filed a Complaint against Defendant in this Court. (ECF No. 1.) In his three-page Complaint, Plaintiff asserts that the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, states that the "Lender is to Disclose the Terms of the Mortgage to

the home owner at the time the loan was made" and that the "TILA is designed to give the home owners an accurate explanation of the cost of the loan." (*Id.* at 2.) Plaintiff then includes the following thirteen questions:

1. Where is the Original DEED and Promissory Note?
2. Who signed the Loan Check?
3. Where is the Disclosure?
4. How can my home be in Foreclosure without Original documents?
5. Who authorized for my mortgage to be sold to Well [sic] Fargo Bank?
6. Who authorized my mortgage to be sold BY Well [sic] Fargo Bank TO Freddie Mac?
7. Is my Mortgage pooled together?
8. Is the Interest in the pool being sold as a Security Investment?
9. Are the pool of Loans being held in a Trust for the Investors, by a Trustee?
10. Is the Plaintiff the Trustee?
11. Why do WELLS FARGO BANK and Phelan Hallinan Law ATTORNEY'S have suits pending against them for Foreclosure FRAUD?
12. How can an electronic REGISTRATION put my Property in Foreclosure?
13. Where is the valid Contract?

(*Id.* at 2-3.) In the Complaint, Plaintiff does not assert any damages, rather he states "[t]hese are the questions I require to have answered and require the proper documentation within 21 days, and this AFFIDAVIT REBUTTED." (*Id.* at 3.) Defendant moves to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (ECF No. 6.)

**II.    Analysis**

In its motion, Defendant asserts that "[w]hile it is not entirely clear what Plaintiff is seeking in his filing, it appears Plaintiff wants this Court to act as an appeals court and enjoin the State Court Foreclosure Action." (Def.'s Moving Br. 1.) Furthermore, Defendant asserts that "[t]his

2

request is improper under both the *Colorado River* abstention doctrine and the entire controversy doctrine." (*Id.*) As discussed below, the Court agrees with Defendant.

While Plaintiff in the Complaint does not assert any specific violations of the TILA and does not demand any relief other than a response to Plaintiff's questions, in his "Counter Motion", Plaintiff declares that he is "seeking an order to dismiss the forecolusure [sic]." (Pl.'s Opp'n Br. 7[1], ECF No. 8.) As the Foreclosure Action is currently pending in state court, the Court finds that Plaintiff is attempting to have this Court interfere with an ongoing state court proceeding. Because this Court will not interject itself into ongoing state court proceedings and possibly force an impermissible direct contradiction of any final judgment in the Foreclosure Action, the Court must abstain from deciding Plaintiff's claims pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and the Court must dismiss Plaintiff's case in its entirety.

The Supreme Court, in *Colorado River*, explained that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813 (internal quotation marks omitted). It is axiomatic that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" by Congress. *Id.* at 817 (citing *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964); *McClellan v. Carland*, 217 U.S. 268, 281 (1910); *Cohens v. Virginia*, 5 L. Ed. 257 (1821) (dictum)). The rule is well recognized that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (internal quotation marks omitted). Nevertheless, in *Colorado River*, the Supreme Court recognized that there are certain limited circumstances in which a federal court may defer to pending state court

---

[1] Referring to the ECF page numbers.

proceedings based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.*

The threshold issue that must be decided in a *Colorado River* abstention case is whether the two actions are "parallel," meaning the "parallel" state proceeding involves the same parties and "substantially identical claims [raising] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George v. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (internal quotation marks omitted). Once a court determines a parallel state proceeding is pending, the court must then consider six factors in weighing whether abstention is appropriate: "(1) [in an *in rem case*,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Id.* at 308 (internal quotation marks omitted).

In *DiPietro v. Landis Title Co.*, a bank brought a foreclosure action against a plaintiff in state court seeking foreclosure and possession. No. 11-5110, 2012 WL 2116404, at *1-2 (D.N.J. June 11, 2012). The plaintiff filed an answer to the foreclosure complaint and asserted defenses and counterclaims seeking, among other things, damages for fraud. *Id.* at *1. While the state court action was still being litigated, the plaintiff brought claims in the district court against the bank, the law firm representing the bank in the foreclosure action, the title company, and the judge and law clerk the foreclosure proceedings were in front of in the state court. *Id.* In the federal action, the plaintiff asserted that defendants violated numerous constitutional, statutory, and common law rights during their involvement in a state court foreclosure action. *Id.* Pursuant to the *Colorado River* doctrine, the district court dismissed the federal action in its entirety holding that the two actions were parallel and substantially identical, and "they implicate important state interests—

foreclosure of a property in New Jersey, the conduct of attorneys and judges in the state court, and the actions of a local bank and title company." *Id.* at *4.

Similarly, in *St. Clair v. Wertzberger*, a bank brought a foreclosure action against a plaintiff in state court, and the plaintiff failed to answer the foreclosure complaint. 637 F. Supp. 2d 251, 252-53 (D.N.J. 2009). A Notice of Entry of Final Judgment was sent to the plaintiff, and the plaintiff filed a motion to set aside the judgment of foreclosure, which was denied. *Id.* at 253. The plaintiff then filed a motion for reconsideration which was also denied, however, no final judgment was entered. *Id.* The plaintiff subsequently brought an action in federal court against the attorneys who represented the bank in the foreclosure proceeding asserting violations of the Fair Debt Collection Practices Act in their prosecution of the foreclosure of the plaintiff's home. The district court, like in *DiPietro*, held that it must abstain from the federal action pursuant to the *Colorado River* doctrine because the two actions were parallel and "a ruling in [the district] court on plaintiff's claims would unnecessarily cause havoc with the rulings of the state court." *Id.* at 255.

By the same token, this action and the Foreclosure Action are parallel proceedings. Both cases involve the Plaintiff and Defendant. Additionally, these cases contain substantially identical claims raising nearly identical allegations and issues. Specifically, Plaintiff, represented by counsel in the Foreclosure Action, asserted a number of affirmative defenses, including that Wells Fargo "does not hold both the note and the mortgage and as such lacks standing to prosecute [the foreclosure action]" and that the Foreclosure Action is "barred by the doctrine of unclean hands." (Certification of Aaron M. Bender ("Bender Cert."), Ex. B ("Answer to State Foreclosure Complaint"), ECF No. 6-4.) Thus, both actions principally concern whether Defendant is entitled

5

to foreclose on Plaintiff's property and, thus, are parallel for purposes of the *Colorado River* doctrine.

Furthermore, the six factors weigh in favor of abstention. First, the Foreclosure Action was filed on October 8, 2015, approximately one month before Plaintiff filed the Complaint in this Court. (Bender Cert. Exs. A, D, ECF Nos. 6-3, 6-6.) Thus, the state court first assumed jurisdiction over Plaintiff's property. Second, Plaintiff is seeking an order to dismiss the Foreclosure Action, so the relief requested would directly impact New Jersey's interest in protecting the authority of its judicial system. Like in *DiPietro*, these actions "implicate important state interests—foreclosure of a property in New Jersey, the conduct of attorneys and judges in the state court, and the actions of a local bank." *DiPietro*, 2012 WL 2116404, at *4.

Moreover, a federal court ruling that the Foreclosure Action is impermissible and a contemporaneous state court judgment allowing the foreclosure "would throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts." *St. Clair*, 637 F. Supp. 2d at 255. Third, while "the presence of federal-law issues must always be a major consideration weighing against surrender," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983), the Court finds that the state court is an adequate forum to review Plaintiff's TILA claim. Fourth, the state court is capable of protecting the interests of Plaintiff in this litigation, and Plaintiff's rights and claims may still be vindicated in the Foreclosure Action or through the state appellate process. Fifth, New Jersey's entire controversy doctrine prohibits the sort of piecemeal litigation that would result from permitting Plaintiff to effectively pursue his affirmative defenses to the Foreclosure Action in a parallel proceeding before this Court. *See Napoli v. HSBC Mortg. Servs.*, No. 12-222, 2012 WL 3715936, at *3 (D.N.J. Aug. 27, 2012) (holding plaintiffs' claims which arose out of their mortgage were barred by the

entire controversy doctrine because they should have been raised in the foreclosure action). Lastly, although not as inconvenient as the federal forum in *Colorado River*, this Court is located a significant distance away from the state court where the Foreclosure Action is proceeding, thus it would be inconvenient to require Defendant to expend a significant amount of time traveling to litigate a "parallel" action in this forum.

Based on these factors and that a ruling in this Court on Plaintiff's claims could unnecessarily cause havoc with the rulings of the Foreclosure Action, this Court must abstain from hearing Plaintiff's case.

### III.   Conclusion

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss, and Plaintiff's Complaint is dismissed with prejudice. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 16th, 2016